*429 OPINION of the Court, by
Judge Clark.—
The plaintiff in the court below declared against the defendant in assumpsit, as executor of Lawson Carrell, deceased, “ That whereas on the —— day . , . _ - in the year • — —— it was agreed on by and between the plaintiff and the said Lawson, in his lifetime, that in consideration the said plaintiff undertook to serve the said Lawson in his lifetime, one year, in the capacity of an overseer and cropper, on the farm of him the said Lawson, and furnish the quantity of--— bushels of corn ; he the said Lawson undertook, and to the said plaintiff faithfully promised that he would well and truly furnish the said plaintiff and his family with food and houseroom during the said term, and also furnish the cow and horse of the said plaintiff with pasturage and forage during the said term, and furthermore pay to the said plaintiff the sum of one hundred and twenty dol-Jars.”
*430 The declaration then contains an averment that h-_ entered into the service of the said Lawson agreeably to his undertaking, and there remained executing his duty, until he was expelled and discharged by the said Lawson. And concludes, 4' in consideration thereof the said Lawson in his lifetinv undertook, and to the plaintiff faithfully promised, that lie would well and truly content and pay to the said plaintiff the said sum of one hundred and twenty d dhw-y when he should be thereunto requested, nevertheless,” ike. Plea non as-sumpsit, and verdict and judgment for the plaintiff in the court below for S 135 , irem which the defendant has appealed to this court.
It will be uuneeessm to notice panic ahir'.v the first and second avign incut u¡ error.-,, as tb. a* peer.une and plea of the ch fen.L.n: was a wuvr ot ih - u regularity. The third and fourth v.uamic.-ls u; cir-.r .u-p.- , to be well founded, and are in f.nl not support the agreement a;. i.'.vv tu..! tii- pa of did aid m the declaration.
The evidence aduna d b\ the agreement idla-cd i.t the the record b\ a bdi ot c dant to an opiu’mn oi thr made by him to it-.tract ti not support th • duel irutwa, ilus in-a-1 have been g’Vcn i->r two re isous : 1st, Uet deuce did tu t prove pericr nance of tin- wl ation laid in the declaration ; and 3db., it proveí a consideration in addition to those declared on. A part of the consideration for the promise laid in the declaration is, that the plaintiff was to have furnished the defendant with- — - bushels of corn. Without proving a ■use plaintiff in support of ■ b..cl.iiation is ‘'prett 1 upon giion t ji-'.t n b\ the deten-ten t oni rub o g a m otiort jun that the e\ ¡deuce did don should use the evi-de eonsider-performance of the agreement on his part, or an offer to perform, he could maintain no action against the defendant for abroach of his undertaking'. 1 he evidence does not shew that this corn had been furnished or ten-tiered to the defendant. The rule is well settled, that if the plaintiff declares on two considerations, he must aver and prove periormance of both, lor the assumpsit on the part of the defendant is presumed to be founded on both taken together- — Esp. N. P. 133. So it the promise alleged be proved, yet if it appear to have been, made on the consideration alleged and another, it willy Hot support the declaration. — Same book 139.
*431 In this case there appears to have been other considerations than those declared on. The proof shews, in addition to those set forth by the plaintiff, he was to have furnished the defendant with his washing, and to have had his clothing mended. According to the rale just laid down, the proof was so materially variant from, the declaration, the court should have given the instruction asked for.
The expulsion, from the service as an overseer, was a sufficient excuse for not performing the service for the remaining time the plaintiff had stipulated to serve the defendant ; hut it was no excuse for not delivering the corn, or furnishing the defendant’s washing and mending for the time the phtintiff remained in the service of the defendant. A perform-nice of this part of his undertaking ought to have been averred and proven by the plaintiff, 10 order to maintain his action.
Judgment reversed with costs, and new proceedings to be had, not inconsistent with the foregoing opinion.